## SUPREME COURT.

THE PEOPLE, &c., agt. THE ERIE RAILWAY COMPANY.

THE FARMERS' LOAN AND TRUST COMPANY agt. THE SAME.

J. C. BANCROFT DAVIS agt. THE SAME.

*Mortgage foreclosure — who may apply to be made a party — judgment creditor — Creditor at large.*

A creditor at large has no *status* in a court of equity.

Where a person seeking to be made a party to an equitable action against a corporation, has not proven his debt by obtaining a judgment, he cannot be regarded as a creditor, and is not entitled to the relief asked for, and neither the insignificance nor the magnitude of his claim can alter the principle governing such cases.

The court will not allow the petitioner to intervene upon affidavits alone, and to stay the sale under a decree of foreclosure, which on its face is regular and legal, and more especially where it appears from the papers that the plaintiff as a co-plaintiff with others, has a suit then pending in which the validity of all the proceedings in the foreclosure suit is questioned.

*Special Term, April,* 1878.

MOTION by petitioner that he be made a party to each of the above-entitled actions and that he may be allowed for himself and all others similarly situated with him to come in and defend. The petitioner alleges in his affidavits that he is a creditor of the defendant, the Erie Railway Company, which is not only flatly denied, but it is averred that the petitioner is actually indebted to the defendants in a large amount.

*Gray & Davenport,* for petitioner.

*Turner, Lee & McClure,* for Farmers' Loan and Trust Co

The People agt. Erie Railway Company.

LAWRENCE, J. — I have examined the vast mass of papers referred to and submitted on the argument of this motion, and after giving to the facts disclosed and to the arguments presented the most careful consideration, I have reached the conclusion that the motion should be denied.

The petitioner has not established, to my satisfaction, that he has the first lien, which he claims, either upon the Western Extension Certificates, or upon the stock of the Cleveland, Columbus, Cincinnati and Indianapolis Railway Company.

The allegations contained in the petition in respect to the alleged liens are most fully met and denied by the answering affidavits, and the allegation that the petitioner is a creditor of the defendant to the amount stated in the petition is not only flatly denied; but it is averred that the petitioner is actually indebted to the defendants in the sum of about $2,000,000. Taking the most favorable view of the case for the petitioner, on the papers presented, he can only be said to have established that he claims to be a creditor at large of the defendant. As such creditor he has no status in a court of equity ( *Dunleavy* agt. *Tallmadge*, 32 *N. Y.*, 457; *McCartney* agt. *Bostwick*, 32 *N. Y.*, 53; *McDermott* agt. *Strong*, 4 *John. Ch.*, 687; *Reuben* agt. *Joel*, 3 *Kernan*, 488; *Crippen* agt. *Hudson*, 3 *Kernan*, 161; *Becks* agt. *Burdett*, 7 *Paige*, 305).

The case of *The Railroad Company* agt. *Howard* ( 7 *Wall. Rep.*, *p.* 392 ) was an action by creditors who had recovered judgments against the company and had issued executions thereon which had been returned *nulla bona* ( *See p.*, 397 ).

The case does not, therefore, avail the petitioner. So in the case of *Schenck* agt. *Ingraham* ( 5 *Hun Rep.*, *p.* 397 ) the petitioners had recovered judgment and an execution thereon had been returned unsatisfied.

If the case of *Dambman* agt. *The Empire Mill and others* is to be construed as maintaining an adverse position to that just stated, it is in conflict with numerous decisions of the court of appeals of this state and the latter decisions must control me in the disposition of this motion. Furthermore,

if the plaintiff has the first or specific lien which he claims, as he is not a party to the foreclosure suit, no rights which he may possess can be affected by the judgment in that action. The suggestion was made upon the argument that as Mr. Mc Henry's claim was a large one he has an exceptional interest in protecting what is denominated as the general creditor's fund. I do not concede the force of this argument. If the petitioner has not proven his debt by obtaining a judgment, he cannot be regarded in equity as a creditor and neither the insignificance nor the magnitude of his claim can alter the principle governing the case.

There is another consideration which may be properly entertained in disposing of this motion.

It appears from the papers before me that the plaintiff as a coplaintiff with others has a suit now pending in which the validity of all the proceedings in the foreclosure suit brought by the Farmers' Loan and Trust Company is questioned. This includes of course the decree. The plaintiff will have an ample opportunity to establish in that suit the invalidity of the decree of foreclosure, and if the irregularities exist which he alleges he can be relieved after evidence shall have been received in the usual formal manner incident to a trial, of a cause upon the merits.

Here I am asked to allow the petitioner to intervene upon affidavits alone and to stay the sale under a decree which on its face is regular and legal. I regard the petitioner on the papers before me as having failed to establish such a standing in court as authorizes him to intervene in the above-entitled actions, and his motion must, therefore, be denied with costs.